## CHARLES LAND ET AL. v. HENRY KLEIN.

Decided March 1, 1899.

**1. Pleading—Actual and Exemplary Damages.**

A special exception to a petition upon the ground that the actual and exemplary damages are not specially pleaded is properly overruled where the petition states the grounds for actual damages separately from those of exemplary damages, such statement being followed by a prayer; and it is immaterial whether such allegations appear in one or in different paragraphs of the petition.

**2. Practice in Trial Court—Exceptions and Charge.**

The failure of the trial court to sustain exceptions to a portion of a petition is not prejudicial where no evidence was admitted to support such part of the petition and the charge of the court in effect excluded it from the consideration of the jury.

**3. Evidence—Proof of Malice.**

A witness from whose possession goods were taken under a writ may, in an action for the conversion thereof, for the purpose of showing malice, testify as to the conduct and statements of the defendant while he was taking them.

**4. Same—Proof of Loan in Disproof of Purchase.**

Where goods are claimed to have been bought from the owner's agent, a note given to the claimant by such agent, on the day of the alleged sale, in the same amount as the sum claimed to have been then paid on the goods is admissible in evidence to show a loan and disprove the claim of purchase.

**5. Damage, Actual and Exemplary—Seizure Under Writ.**

The fact that property was wrongfully seized under a writ of sequestration relieves the officer who acted innocently from exemplary but not from actual damages; but it does not relieve from exemplary damages a plaintiff who wrongfully procures the writ and uses it for the purpose of obtaining possession of property that does not belong to him.

**6. Practice—Harmless Error.**

Refusal to admit competent evidence tending to relieve from liability for exemplary damages is harmless error where the verdict allows only actual damages.

**7. Charge of Court—Conversion.**

The use of the word "conversion" in an instruction that the defendants admit the taking and conversion of the goods in controversy and seek to justify as owners of the goods under purchase thereof, is not prejudicial where it is apparent that the word was not used in its technical sense, but merely as an equivalent of taking, and the court elsewhere charged that if the goods did not belong to plaintiff to find for defendants.

**8. Bills of Exceptions.**

Bills of exceptions which are not signed either by the judge or by bystanders are no part of the record.

APPEAL from the County Court of Nueces. Tried below before Hon. W. B. HOPKINS.

*G. R. Scott & Bro.,* for appellants.

*D. M. Turner* and *G. M. Westervelt,* for appellee.

NEILL, ASSOCIATE JUSTICE. — This suit was brought by appellee against the appellants to recover actual and exemplary damages for the alleged wrongful conversion by the latter of certain goods, wares, and merchandise averred to be the property of the former.

The appellants answered by general and special exceptions, general and special denial, and special pleas of limitations and of confession and avoidance. The case was tried before a jury and resulted in a verdict and judgment in favor of appellee against both appellants for $330.90 actual and against the appellant Land for $400 exemplary damages, from which judgment this appeal is prosecuted.

It is an uncontroverted fact that prior to the 14th of September, 1893, appellee was the owner of the property alleged to have been converted by appellants on September 21, 1893, and the testimony shows that such ownership continued until the property was converted by appellants. The evidence wholly fails to show that Land purchased the goods on September 14, 1893, or at any other time, as is claimed by him, from one Lichter, who had been placed in possession by appellee and clothed with the power to sell them. The appellants admit the taking of the goods sued for from the possession of plaintiff's agent. And the evidence shows

that such taking was wrongful, oppressive, and malicious, and that the value of the goods equaled in amount the actual damages found by the jury; and is sufficient to support the verdict for exemplary damages.

*Opinion.*—1. Where, as in this case, the petition states the grounds for actual damages separate from those of exemplary damages, and such statement is followed by a proper prayer, it is immaterial whether such allegations appear in one or in different paragraphs of the petition. Therefore the special exception of appellants to plaintiff's amended petition to the effect that the actual and exemplary damages were not pleaded specially, were rightfully overruled, the petition not being obnoxious to such exceptions.

2. If the ruling of the court in failing to sustain appellants' exception to that part of appellee's petition which seeks to recover $400 for damages to his business and reputation as a merchant, etc., upon the ground that more than two years had elapsed after the accrual of such action before it was asserted in this suit was erroneous, such error was harmless, because no evidence was admitted to support such allegation, and the charge of the court in effect excluded its consideration from the jury.

3. In order to show that Land, in seizing appellee's property, was actuated by malice, it was competent to show his language and conduct in making the seizure, and the court did not err in allowing a witness, who was the agent of appellee, and from whose possession as such agent the goods were taken, to testify that when Land was taking the goods, he said of said witness, "If that damn sheenie don't let me alone I'll break his neck."

4. The court did not err in admitting in evidence, over appellants' objection, the promissory note of September 14, 1893, executed by Lichter in favor of Land for the sum of $128. This note, taken in connection with the other testimony, shows beyond a doubt that Land loaned Lichter $128, that he claims to have paid him for the goods, and that Land never thought of claiming the goods under a purchase from Lichter, until after the latter had abandoned the country, leaving a written order for Land to take possession of them.

5. There is no controversy about the fact that the goods in question were taken by appellants from the possession of appellee's agent. The testimony shows that their seizure was made by virtue of a writ of sequestration. This writ could not legalize the seizure and taking of appellee's property to which appellants had no title, lien, or interest. Its effect would be to relieve appellant Whelan from exemplary damages by showing that he acted under it in making the seizure without malice. But it would not relieve Land from such damages, because the writ was wrongfully procured by him and used for the purpose of obtaining possession of property that did not belong to him. As to Whelan, the question of exemplary damages was not submitted, and actual damages measured by the value of the goods were only adjudged against him. There-

fore, while the court may have erred in refusing to admit in evidence the writ of sequestration, it is apparent that no injury was wrought appellants by such error.

6. In its general charge the court instructed the jury that "the defendants admit the taking and conversion of the goods and merchandise mentioned in plaintiff's petition, and seek to justify the same under an alleged purchase," etc. The legal significance of the word "conversion" is "an appropriation of and dealing with the property of another as if it were one's own, without right." It is manifest that the word was not used in this sense in the charge, for by it the jury were told repeatedly that if the property in controversy did not belong to appellee, or was owned by Land, to find for the appellants. In fact the issue of ownership was the main one presented, which excludes the idea that the court by the use of the word "conversion" intended to imply that the property belonged to another than appellant Land. Nor could the jury in the light of the charge have taken the word as having such a meaning. The word, as used in the portion of the charge, was only superfluous, and could not have prejudiced appellant or influenced the jury in their finding.

7. The main charge, taken in connection with the special charges given at the request of appellants' counsel, fully and fairly submitted all of the issues raised by the pleadings and evidence to the jury, and is not obnoxious to the objections made to it in any of appellants' assignments of error; and it embodied so much of the law contained in the special charges asked by appellants as was applicable to the case.

8. A number of the assignments of error complain of the court's refusal to sign certain bills of exceptions claimed to have been prepared and presented to the trial judge by appellants' counsel. Bills of exceptions not signed either by the judge or by bystanders are no part of the record in the case, and can form no basis for an assignment of error. Therefore such assignments of error will not be considered.

9. We have discussed such questions as are raised by appellants' sixty assignments of error as we deem worthy of notice, but we have considered all of them, and have found no error for which the judgment of the County Court should be reversed. It is therefore affirmed.

*Affirmed.*