E. A. Lee et al. v. Dave McDonnell.

Decided February 21, 1903.

1.—Attorney Fees as Actual Damages.

Attorney fees, in actions for conversion, are not recoverable in this State as actual damages.

2.—Conversion—Value—Charge.

Where in an action for the conversion of cotton the evidence was conflicting as to its value, no witness placing the value as high as alleged in the pleading, a charge that if the jury found that defendant did convert the cotton, they should find for plaintiff in any sum not to exceed the amount prayed for by plaintiff, was erroneous.

3.—Same—Exemplary Damages—Charge.

Where in such action exemplary damages were also claimed, the charge should have required the jury either to find the facts alleged as the basis for that recovery, or else to find against plaintiff on that issue.

Appeal from the County Court of Stonewall. Tried below before Hon. A. S. Forrester.

C. M. Featherston and Drill Spurlock, for appellee.

STEPHENS, Associate Justice.—Appellee sued appellants for conversion of two bales of cotton of the alleged value of $74.20, and for special damages in the sum of $25, to cover attorney's fees, and for exemplary damages in the sum of $75. From a verdict and judgment in appellee's favor for the general and special damages so claimed, and for $15 exemplary damages, this appeal is prosecuted.

Clearly, the evidence did not warrant the verdict fixing the value of the cotton at $74.20, for $66.25 was the highest value it even tended to prove, and we doubt if it warranted a finding for that amount, or whether it raised the issue of value at all.

Neither the pleadings nor the evidence warranted the item of special damages, since attorney's fees, in actions for conversion, are not recoverable in this State as actual damages.

The charge of the court, after stating the case, was as follows: "Now if you believe from the evidence that the defendants, or either of them, did knowingly take and convert two bales of cotton belonging to plaintiff, Dave McDonnell, to their own use and benefit and deprive the plaintiff of the value of said two bales of cotton, you will find for plaintiff, Dave McDonnell, in any sum not to exceed the amounts prayed for by plaintiff."

This charge, which was all the charge given, was evidently misleading, and probably accounts for the erroneous verdict. The court should have at least referred the jury to the evidence, meager though it was, for the value of the cotton, or else should have declined to submit that issue at all for want of evidence.

Instead of submitting the issue of special damages to the jury, as was

done by this charge, the court should have withdrawn that issue from them. And in submitting the issue of exemplary damages the court should have required the jury either to find the facts alleged as a basis for that recovery, or else to find against appellee on that issue.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*