## WARD v. ODEM.

(Court of Civil Appeals of Texas. San Antonio. Jan. 22, 1913. Rehearing Denied Feb. 19, 1913.)

1. VENUE (§ 32*)—PRIVILEGE OF DEFENDANT —MANNER OF RAISING—WAIVER.

The right of defendant to be sued in the county of his residence is personal, which may be waived, and is waived unless invoked by a verified plea containing the requisite averments, so that the matter of venue cannot be reached through an exception to the petition, even though the residence of defendant is alleged to be in another county than the one in which the suit is brought.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

2. APPEAL AND ERROR (§ 742*)—QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR — PROPOSITIONS.

Where an action was for damages for conversion of parts of a traction engine, assignments of error, followed by a proposition on a subject different from that attempted to be raised in the assignments and presenting the question of measure of damages for injury to an engine, would not be considered, especially where they were general and indefinite.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. VENUE (§ 8*) — "TRESPASS"—CONVERSION.

The word "trespass," as used in Rev. Civ. St. 1911, art. 1830, exception 9, permitting actions for "trespass" in the county where the wrong was committed, means any intentional wrong or injury to the person or property of another, and includes conversion.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 17; Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 8, pp. 7088–7092.]

4. TROVER AND CONVERSION (§ 25*)—JOINT WRONGDOERS—EVIDENCE—INSTRUCTIONS.

Where the evidence showed that defendant and his agent acted jointly in the conversion of the property of plaintiff, suing for conversion, it was not error to charge that one or both of them could be held liable.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 173–180; Dec. Dig. § 25.*]

5. TROVER AND CONVERSION (§ 54*)—MEASURE OF DAMAGES.

Where an owner of a traction engine was prevented from using it in plowing his land by the wrongful act of defendant and his agent removing parts thereof and retaining them for some time and then returning the same uninjured, he could recover the value of the use of the engine for the time the necessary parts remained out of the engine without his fault.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 252, 255–257; Dec. Dig. § 54.*]

6. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—ERRONEOUS INSTRUCTIONS.

Where, in an action for the conversion of parts of an engine, the undisputed evidence showed that the parts were taken and kept without plaintiff's knowledge or consent, and that he sustained damages thereby, an instruction requiring each party to prove the issues by preponderance of the evidence was not prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from San Patricio County Court; Hon. P. A. Hunter, Judge.

Action by D. Odem against P. L. Ward. From a judgment for plaintiff, defendant appeals. Affirmed.

H. M. Holden, of Corpus Christi, for appellant. Jas. G. Cook and Jones & Childers, all of Sinton, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellant to recover damages for the conversion of certain parts of a gasoline traction engine. Appellant filed a plea of privilege to be sued in Bexar county, general and special exceptions, general denial, and special answer. The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $350.

[1] Appellant seeks to raise the question of privilege through an assignment of error assailing the action of the court in overruling the following special exception: "Defendant specially excepts to plaintiff's petition and says it is insufficient to require him to answer herein, because said petition alleges that defendant's residence is in Bexar county, Tex., and shows affirmatively that the venue of this case properly lies in Bexar county, Tex." The exception was properly overruled. The matter of venue cannot be reached through an exception to the petition. The allegation of residence of the defendant in another county than the one in which the suit is instituted is not demurrable. The right to be sued in the county of a person's residence is a personal privilege which can be and is waived, unless the right is invoked through a plea containing certain averments and sworn to by the defendant. The assignment is overruled.

[2] The second and third assignments of error are too general and indefinite for consideration, and are followed by a proposition which is on an entirely different subject from that attempted to be raised in the assignments. There is no basis in either assignment for a proposition presenting the proper measure of damages for injury to an engine. The suit was for damages arising from the appropriation of parts of an engine.

[3] The fourth assignment of error assails a charge of the court on the question of venue. The charge was in direct conformity to exception 9, under article 1830, Revised Statutes 1911, which permits suits for trespass in the county where the trespass was committed. "Trespass," as used in the statute, means any intentional wrong or injury to the person or property of another. Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618. The petition clearly charged a trespass upon the part of appellant.

[4] The evidence showed that appellant and his agent acted jointly in the conversion of the property, and it was not error to inform the jury that one or both of them could be held liable. If the charge had been errone-

ous, it could not have injured appellant. The fifth and sixth assignments of error are overruled.

The charge complained of in the seventh assignment of error is not subject to objections urged to it in the proposition thereunder, and it is overruled. There was nothing in the conduct of appellee that justified the taking or use of the parts of the machinery. Appellant knew that he did not authorize or acquiesce in the taking or the use of the parts of his engine.

[5] Appellee desired to use his traction engine in plowing his land, and was prevented by the unlawful acts of appellant and his agent, and the general measure of damages for conversion, the value of the property at the time and place of conversion, would not compensate him for his loss, and he would be allowed damages for the special use of the engine of which he had been deprived by the tortious act of appellant. Sutherland on Damages, § 1111.

The facts present a case of conversion by temporary use, and the property was returned by appellant after several months, and it does not seem that the property was injured, and appellee had the right to recover value of the use of his machine during the time he was deprived of it. Sedgwick, Damages, §§ 494, 506; Moore v. King, 4 Tex. Civ. App. 397, 23 S. W. 284. The case last cited was well considered, and the court held: "The very facts of this case is an apt illustration of the propriety in some cases of extending the measure of damages beyond that prescribed by the general rule. In this case the plaintiff was deprived of a wagon worth about $70, with a use per day, as shown by the evidence, of the reasonable value of about 75 cents. The trespass was committed on the 4th day of January, 1892, and the judgment was rendered on February 26, 1892. Giving the plaintiff the value of the wagon, with legal interest on that amount, would certainly not be compensation for the loss sustained by reason of the wrong committed. The use that he is deprived of is almost as valuable as the thing itself; and that value of the use with the property itself is conferred upon the wrongful trespasser, if the plaintiff is confined in his recovery to the value and interest. Such a rule would not only deprive the plaintiff of his property, but would permit a trespasser to profit by his own wrong, and it would afford a profitable enterprise to such wrongdoers in obtaining wrongful possession of property especially valuable for its use." See, also, Waller v. Hail, 46 S. W. 82; Railey v. Hopkins, 50 Tex. Civ. App. 600, 110 S. W. 779. Applying the rule set forth to this case, and the charge, which allowed the jury to find for the value of the use of the traction engine for the period of time that the necessary parts remained out of the engine without the fault of appellee, was correct. The evidence was

uncontroverted that the pieces remained out of the engine for some time, through the fault of appellant, and the court had the authority to assume the existence of that fact, and also that it was without fault on the part of appellee.

[6] The evidence showed, without contradiction, that the parts of the engine were taken from the engine of appellee without his knowledge and consent, that they were kept without his consent, and that he had sustained the damages found by the jury, and therefore the charge requiring each party to the suit to prove the issues by a preponderance of the evidence could not have injured appellant. We do not think the charge had any effect whatever on the verdict.

There is no merit in the assignments from 10 to 16, inclusive, and they are overruled. The seventeenth and eighteenth assignments are disposed of by the rules laid down in the authorities herein cited as to the measure of damages.

The judgment is affirmed.