COPELAND v. PORTER et ux. (No. 7191.)

(Court of Civil Appeals of Texas. Dallas. June 27, 1914. Rehearing Denied Oct. 17, 1914.)

1. TROVER AND CONVERSION (§ 66*) — ACTS CONSTITUTING "CONVERSION" — QUESTION FOR JURY.

Whether a landlord who removed from the leased building chattels of the tenant, who was absent and could not be found was guilty of converting the same *held*, under the evidence, for the jury; "conversion" being the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 288–294; Dec. Dig. § 66.*

For other definitions, see Words and Phrases, First and Second Series, Conversion.]

2. TROVER AND CONVERSION (§ 1*) — ACTS CONSTITUTING CONVERSION — QUESTION FOR JURY.

Where a tenant absented herself from the leased building containing furniture conditionally sold to her, and could not be found, the act of the landlord in opening the door of the building at the request of the seller to enable the latter to remove the furniture was not conversion by the landlord of the property.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]

3. APPEAL AND ERROR (§ 1002*) —VERDICT— CONCLUSIVENESS.

A verdict on conflicting evidence, but not preponderating either way, will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

4. TROVER AND CONVERSION (§ 3*)—ACTS CONSTITUTING CONVERSION—EVIDENCE—ADMISSIBILITY.

A landlord, when sued by his tenant for the conversion of chattels of the tenant, may show that he removed articles from the leased building for safe-keeping and had held the same subject to the disposition of the tenant and had tendered the same to her, though a tender after conversion does not avoid liability, but the jury may consider the landlord's claim in determining whether there was a taking by him, accompanied by dominion and control or assumption of dominion and control.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 21–24; Dec. Dig. § 3.*]

5. APPEAL AND ERROR (§ 547*) — QUESTIONS REVIEWABLE—BILL OF EXCEPTIONS.

Error assigned as to a question alleged to have been propounded by the jury to the court and by the court answered, not supported by bill of exceptions taken at the time in the manner provided by law, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429–2432; Dec. Dig. § 547.*]

Error to Grayson County Court; J. Q. Adamson, Judge.

Action by Pearl Copeland against D. W. Porter and wife. There was a judgment for defendants, and plaintiff brings error. Affirmed.

J. P. Leslie, of Sherman, for plaintiff in error. Jones & Hassell, of Sherman, for defendants in error.

RASBURY, J. Plaintiff in error sued defendants in error for actual and exemplary damages arising from the alleged conversion by defendants in error of certain personal property or household goods of the plaintiff in error. There was a trial by jury, with verdict and judgment for defendants in error.

In deference to the verdict of the jury the record will support the following conclusions of fact: About September 12, 1912, defendants in error rented plaintiff in error a residence in Sherman, Tex. Rent was paid to November 12, 1912. A few days subsequent to renting the residence plaintiff in error left Sherman with the avowed intention of going to Ladonia to secure employment picking cotton. When plaintiff in error left she locked the house containing her furniture and household goods, as well as some belonging to a local furniture dealer, which had been conditionally sold or leased to plaintiff in error under written agreement, by the terms of which it was agreed that the owners of the furniture might, in default of the conditions of the sale or lease, enter any premises containing same, during plaintiff in error's absence, whether the house containing same was closed or opened, and take possession of the furniture and remove same. In December, after plaintiff in error left, the owners of the furniture sought permission of defendants in error to enter the premises in order to remove the furniture. At various times in January they became urgent for such admission, and defendants in error promised that February 1st following they would unlock the door and permit removal of the fur-

niture. Defendants in error thereupon called upon plaintiff in error's mother in an attempt to locate plaintiff in error, whom they were unable to locate.' At the request of her mother the matter was deferred until February 6th. Plaintiff in error's mother being unable to locate her daughter, defendants in error opened the house February 6th, and permitted the removal of the furniture delivered to plaintiff in error under the written contract. What transpired after the removal of the leased furniture is conflicting. Defendants in error offered testimony tending to show that all the remaining furniture, except some articles hereafter referred to, were removed by the mother of plaintiff in error. Plaintiff in error offered testimony tending to show that all the balance of the furniture was appropriated by defendants in error or by others as the result of defendants in error's negligence in leaving the house in such condition that others could enter. Defendants in error admitted taking a few articles left by plaintiff in error's mother from the house for the purpose of caring for them for plaintiff in error, and to whom the articles were tendered, but which she declined to receive. Defendants in error, in an attempt to locate plaintiff in error, wrote her at Ladonia, but got no reply.

[1, 2] The first point urged is that the verdict and judgment are erroneous because it appears from the evidence that defendants in error were in fact guilty of conversion, and plaintiff in error as a consequence entitled to a verdict for some amount of damages in any event. The broadest definition of conversion which we have found in the reported cases is that it is "the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time, and may be effected by taking actual, corporeal possession and control over the property of another, so as to prevent the owner from the exercise of" such right. France v. Gibson, 101 S. W. 536. Under such definition it became, by the testimony, a question of fact for the jury to determine whether defendants in error, in taking those articles they conceded they removed from the house and those the testimony tended to show they removed, were guilty of conversion thus defined. Having found they did not convert the property, and there being no complaint of the court's charge in submitting such issue, the assignment is, in our opinion, without merit. The mere opening of the door to the residence by defendants in error cannot be said to be a conversion, as argued by plaintiff in error, in view of the finding by the jury that there was no such taking of the property and consequent control and dominion over the same as precluded plaintiff in error in the exercise of her

right of control and dominion. The finding of the jury comprehends at least two things: That defendants in error did not take any of the property, except the articles conceded to have been taken, and that such articles were held for plaintiff in error without attempt at control or dominion. Nor can it be fairly said, as further urged by plaintiff in error, that such finding is against the great weight and preponderance of the credible testimony. There was no complaint in reference to the leased furniture being removed, and so far as the record discloses, the removal thereof is acquiesced in by plaintiff in error.

[3] On the question of whether or not defendants in error converted the remaining portion of the furniture, of which the articles conceded to have been taken constituted but a small part, the evidence cannot be said to preponderate particularly either way, and hence it was peculiarly the function of the jury to settle that question, as well as the credibility of the witnesses, which issue itself may have been a cogent point in determining the preponderating facts.

[4] We think there was no error in permitting defendants in error to testify that the articles conceded to have been removed were removed for safe-keeping and had been held subject to the disposition of plaintiff in error and had been tendered to her several times and had been tendered to her at trial. While it is the settled rule that tender, after conversion, is ineffectual as a means of avoiding liability, at the same time such testimony was admissible and entitled to be considered by the jury in determining whether there was a taking, accompanied by dominion and control or assumption of dominion and control.

[5] Error is assigned in reference to a question charged to have been propounded by the jury to the court and by the court answered, but since same is not supported by bill of exception taken at the time in the manner provided by law, we may not consider same.

Finding no reversible error in the record, the judgment is affirmed.