**ROSE MFG. CO. v. COPPARD.  (No. 7022.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 14, 1923.)

**1. Venue ⬅➡8—Action by trustee to recover personal property as a preference held not an action to recover personal property under venue statute, but an action for conversion.**

An action by a bankruptcy trustee to recover as a preference personal property or its value, alleging that the creditor converted it, was not an action for the property, required to be brought in the county of defendant's residence by Rev. St. art. 1830, exceptions 10 and 30, being rather to compel delivery of the property or for its value, and merely giving defendant an option to deliver the property; and was really a suit for conversion of the property, belonging to the creditors of the bankrupt, and hence was properly brought in the county where the property was taken and converted, under exception 9.

**2. Venue ⬅➡68—Allegations of fact and not of law fix venue.**

Where controverting affidavit in hearing of plea of privilege alleged facts showing that suit was brought in the proper county, under one exception of Rev. St. art. 1830, a part of the affidavit alleging that suit in such county was proper by virtue of another exception of that statute was immaterial, as such statement of the law in the affidavit could not fix the legal status of the case.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by M. Coppard, trustee, against the Rose Manufacturing Company. From an order overruling a plea of privilege, defendant appeals. Affirmed.

Rosser J. Coke, of Dallas, for appellant.
Emmett B. Cocke, of San Antonio, for appellee.

FLY, C. J. This is an appeal from an order of the district court overruling a plea of privilege, interposed by appellant, to be sued in Dallas county, Tex., alleged to be its only domicile and place of business. Appellee, as trustee in bankruptcy of the estate of Rocco Persia, sued to recover certain personal property, or its value in the sum of $1,500, alleged to have been taken from said Persia and converted in Bexar county.

In the controverting affidavit of the trustee in bankruptcy it was alleged:

"That plaintiff sues as trustee of the bankrupt estate of Rocco Persia, whose estate is being administered at the San Antonio Division of the United States District Court for the Western District of Texas; that in January, 1922, before the said Rocco Persia was adjudicated a bankrupt, and while insolvent, as petitioner has alleged in his petition, the said Rocco Persia, at his place of business in the city of San Antonio turned over to the defendant herein, Rose Manufacturing Company, through its agent, merchandise of the value of approximately $1,500 in settlement in full of an alleged debt due by said Rocco Persia to said Rose Manufacturing Company, and which petitioner claims constituted a preference under the Bankrupt Act passed by Congress, and petitioner is endeavoring to recover said property so improperly delivered or in lieu thereof the value of such property.

"Petitioner says that, as the Rose Manufacturing Company was a private corporation at the time such merchandise was improperly delivered to and accepted by it, and as the property was delivered by the bankrupt to said Rose Manufacturing Company in Bexar county, Tex., that the cause of action arose in Bexar county, Tex., at the time of the delivery of said merchandise, and that under subdivision 24, art. 1830, of chapter 4 of the Revised Statutes of the state of Texas, relating to the venue of suits, this suit is properly maintainable in said Bexar county."

[1] It is insisted by appellant that "where the nature of the cause of action against a domestic corporation is to recover personal property, and such personal property has been removed from the county where the suit is instituted, prior to the institution of the suit, and such has not been returned to the county where the suit was instituted, and such property is not in the county at the time of trial, then, by virtue of exceptions 10 and 30 of article 1830, Revised Statutes, when invoked by defendant, the venue of the trial on the merits is that of the residence of the defendant and not where the cause of action arose." In exception 10 to the general law of venue it is provided that, where the suit is for the recovery of any personal property, in such case the suit may be brought in any county in which the property may be or in which the defendant resides. This proposition is based on the theory that, as to suits for personal property, venue has been specially prescribed and therefore the provision of exception 30, that, whenever in any law authorizing or regulating any particular character of action, the venue is expressly named, the suit shall be commenced in the county to which jurisdiction may be so expressly given, applies to this case. The suit was to compel a delivery of the prop-

erty or for its value, and it is really not an action for the property. It merely gave appellant an option to deliver the property, and even if the provisions of the exception could be invoked they do not apply to the allegations in this suit. The cause of action arose in Bexar county, because in that county the property was illegally taken.

This suit is really one for conversion, not of the property of Rocco Persia, but of property which the federal statute provides could not be taken, because it belonged to the creditors of the estate. When appellant, as alleged, took the goods of Rocco Persia, which he had no right to give to any one in payment of a debt, it converted the property afterwards intrusted to appellee as trustee in bankruptcy, and the suit was properly brought in Bexar county under the provisions of exception 9 to article 1830. Ward v. Oden (Tex. Civ. App.) 153 S. W. 634.

[2] The facts alleged in the controverting affidavit show, not only that the cause of action arose in Bexar county, but also that it was a case of conversion, and, while the immaterial part of the affidavit sought to confine his right to sue in Bexar county to the provisions of exception 24, his facts bring it within the provisions of another exception as well. His statement of the law in his affidavit could not fix the legal status of the case.

The judgment is affirmed.