**PARKERSBURG RIG & REEL CO. v. GOLDEN.** (No. 2504.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 9, 1925.)

**1. Principal and agent ⬳152(4)—Plaintiff entitled to recover value of oil tanks sold by its manager, who applied proceeds to his own indebtedness.**

Where plaintiff's manager sold oil tanks to defendant, and proceeds were applied on manager's indebtedness to bank, if tanks were property of plaintiff it was entitled to recover their value, unless estopped by other causes than sale by its manager.

**2. Estoppel ⬳110—Estoppel must be specially pleaded to be available as defense.**

An estoppel must be specially pleaded to be available as a defense.

**3. Principal and agent ⬳180—Principal not chargeable with agent's knowledge, when acting for his own interest.**

Notice to agent is not imputed to principal, when agent was acting for his own interest and adverse to interest of his principal, without knowledge, other than imputed knowledge, on part of principal.

**4. Trover and conversion ⬳11—Defendant individually liable for converting tanks sold by plaintiff's agent in payment of own debt to bank.**

Where plaintiff's manager sold its oil tanks to defendant in consideration of cancellation of manager's indebtedness to bank, if defendant acted without authority from bank, or converted property under such circumstances as to charge him with knowledge that it did not belong to manager individually, and applied it to bank's indebtedness, he would be individually liable for its value.

**5. Trover and conversion ⬳54—Statutory attorney's fee not recoverable.**

The statutory attorney's fee, provided by V. S. C. S. 1914, § 2178, is not recoverable, where liability is being charged as matter of conversion.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by the Parkersburg Rig & Reel Company against A. C. Golden. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Hawkins, Hawkins & David, of Breckenridge, for appellant.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellee.

RANDOLPH, J. The Parkersburg Rig & Reel Company, hereinafter styled plaintiff, brought this suit against A. C. Golden, designated herein defendant, to recover the sum of $900 owing for five oil tanks alleged to have been sold and delivered to him by the plaintiff, and for a statutory attorney's fee,

in the sum of $20. The case was tried before the court without a jury, and judgment was rendered in favor of defendant.

The evidence discloses that plaintiff had a branch office for the transaction of its business at Iowa Park, Tex., with Thomas A. Bergin as manager. The First State Bank of Iowa Park, of which bank the defendant was vice president, made a loan of $1,000 to Bergin individually. Upon this loan Bergin had paid $100 and all interest, and the oil tanks were bought by Golden and credited on the debt due the bank, canceling the note.

Appellees insist that the questions presented on this appeal are purely questions of fact. We do not agree with this contention. They are questions of law arising on the facts.

[1, 2] First; if, as found by the court, the tanks in controversy were admittedly the property of plaintiff, the defendant could not defeat plaintiff's recovery for their value, and plaintiff was entitled to judgment, unless it was estopped to recover same by other causes than a sale by Bergin as manager. If defendant had pleaded and proved that he was an innocent purchaser in good faith, for a valuable consideration, and without notice of the property belonging to plaintiff, a different question would be presented to us. This he did not do. There is no sufficient allegation in the pleading upon which to base such estoppel.

"When necessary to plead an estoppel, the rule applies with equal force, whether, as is usually the case, the estoppel is relied on as a defense, or as an element of a cause of action, or where it is relied on in avoidance of a defense, in which event it must be set up in the replication or reply." 21 C. J. § 248, p. 1244; McSween v. Yett, 60 Tex. 183; Harvey v. Cummings, 68 Tex. 607, 5 S. W. 513; Hughes v. Lane, 25 Tex. 367; Howe v. O'Brian (Tex. Civ. App.) 45 S. W. 813, 814 (writ denied); Bumpas v. Zachary (Tex. Civ. App.) 34 S. W. 672.

Even where evidence has been admitted without proper pleading furnishing a basis for it, this does not authorize the submission of such issue to the jury, and does not authorize its consideration by the trial court. Howe v. O'Brien, supra. For the rule that estoppel must be specially pleaded to be available as a defense, see Climber Motor Corporation v. Fore (Tex. Civ. App.) 273 S. W. 284, 288.

"The true owner may be estopped to set up his title to the property when he has permitted another to hold himself out as the owner, or clothed him with indicia of title to the prejudice of an innocent person. But equitable estoppel, to be available as a defense, must be specially pleaded." Climber Motor Co., v. Fore, supra.

See, also, Brann v. Arbuthnot (Tex. Civ. App.) 274 S. W. 660; Liverpool & London & Globe Ins. Co. v. Baggett (Tex. Civ. App.) 275 S. W. 313.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] Bergin being in charge of plaintiff's business at Iowa Park, and having full knowledge that Golden was making the trade for the bank and that the bank was canceling his indebtedness as the consideration for the trade for the tanks, it naturally follows that the plaintiff, his principal, had that notice, but for the further exception that notice is not imputed to his principal, when it appears that he was acting for his own interest and adverse to the interest of his principal, and without knowledge, other than imputed knowledge, on the part of his principal. Texas Pacific Coal & Oil Co. v. Belcher (Tex. Civ. App.) 265 S. W. 1081.

[4] There is another phase of the case that might present liability on the part of defendant. There is nothing in the evidence to show that the defendant was authorized to trade for these tanks on behalf of the bank, and to cancel a money obligation of the bank in consideration for such trade. Acting for the bank, if he took the property and made the trade with Bergin without authority from the bank, or if he, while acting for the bank, converted the property under such circumstances as would charge him with knowledge that it did not belong to Bergin, individually, and applied it to the bank's indebtedness, he would be individually liable for its value. This is said in view of another trial.

[5] The statutory fees provided for under article 2178, V. S. C. S. 1914, are not recoverable where liability is being charged as a matter of conversion. Lee v. McDonnell, 31 Tex. Civ. App. 468, 72 S. W. 612.

For the reasons stated, the judgment of the trial court is reversed, and the case is remanded for a new trial.