### KIRBY v. FITZGERALD et al.

### No. 3920.

Court of Civil Appeals of Texas. Texarkana.

Nov. 26, 1930.

Rehearing Denied Dec. 31, 1930.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, and Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Bullington, Boone, Humphrey & King, of Wichita Falls, and I. M. Williams, Jed C. Adams, and Coke & Coke, all of Dallas, for appellees.

WILLSON, C. J. (after stating the case as above).

It appeared from evidence adduced at the hearing on the pleas referred to in the statement above that the stock of the Dr. Pepper Company in question had been issued to and in the name of the Collin County Realty Company, and that said realty company owned and had possession of same in March, 1925, when appellee Sibley, having wrongfully obtained possession thereof, delivered the stock certificates to appellee Carlton, in Dallas, to hold as security for a promissory note for $35,000 made by him to said Carlton and appellant, Kirby. In so obtaining possession of the stock certificates and using them as stated, Sibley was guilty of a conversion thereof. Motor Co. v. De Ford (Tex. Civ. App.) 282 S. W. 832; Oil Corporation v. Waggoner (Tex. Civ. App.) 273 S. W. 903; Gulf, C. & S. F. Ry. Co. v. Bank (Tex. Com. App.) 270 S. W. 1008; Copeland v. Porter (Tex. Civ. App.) 169 S. W. 915; Houston & T. C. Ry. Co. v. Patterson (Tex. Civ. App.) 192 S. W. 1103; Pittman v. Fox (Tex. Civ. App.) 228 S. W. 579; Land v. Klein, 21 Tex. Civ. App. 3, 50 S. W. 638. Such conversion was a "trespass" within the meaning of the exception numbered 9 set out in the statement above authorizing suit "upon a trespass" to be brought in the county where the trespass was committed, without reference to whether the trespasser resided in that county or not. Ward v. Odem (Tex. Civ. App.) 153 S. W. 634; Geary v. Word (Tex. Civ. App.) 259 S. W. 309; Rose Mfg. Co. v. Coppard (Tex. Civ. App.) 255 S. W. 993; Carver v. Merrett (Tex. Civ. App.) 184 S. W. 741.

Appellee Carlton became a party to the conversion of the stock when, as security for the $35,000 note, he accepted the certificates of Sibley, knowing Sibley was not the owner thereof and not authorized to use same for such a purpose. Parkersburg Rig & Reel Co. v. Golden (Tex. Civ. App.) 277 S. W. 1106; Nunn v. Padgitt (Tex. Civ. App.) 161 S. W. 921; Kempner v. Thompson, 45 Tex. Civ. App. 267, 100 S. W. 351; Focke v. Blum, 82 Tex. 436, 17 S. W. 770. Such acceptance having been in Dallas county, we think it is clear that the suit for the conversion, or trespass, thus accomplished, was maintainable in that county so far as it was against Sibley and Carlton. It appeared from said evidence (the trial court had a right to say) that the delivery of the note and stock certificates to Carlton and Sibley was in pursuance of an agreement between them and appellant, Kirby, for "swapping credit," whereby Sibley was to make and deliver the $35,000 note to Carlton and Kirby, secure same with the stock, and receive therefor four notes (three for $10,000 each and the other for $5,000) made by Carlton and indorsed by Kirby. We think the trial court had a right to say, in view of said agreement, that the delivery of the $35,000 note and stock certificates was to Carlton, not only on his own account, but also as the authorized agent of appellant, Kirby, and that the latter, by Carlton's acceptance of same for him, became a party to the conversion in Dallas county and liable to be sued there. Ward v. Odem (Tex. Civ. App.) 153 S. W. 634; 38 Cyc. 2056. It follows that we think the trial court had a right to conclude it appeared the suit was within said exception 9 to the venue statute, and to overrule appellant's (Kirby's) plea on that ground. In that view of the case, it is not necessary to determine whether the ruling of the court was sustainable on the other grounds, or any of them, set up in the controverting plea, or not.

The judgment is affirmed.

On Motion of Appellant for a Rehearing.

Appellant insists the conclusion reached here that it appeared the suit was maintainable against him in Dallas county by force of exception 9 to the provision in article 1995, R. S. 1925, referred to in the opinion affirming the judgment, was unwarranted, because without the support of allegations in appellee's controverting affidavit showing him to have been guilty of conversion of the stock in that county. The allegations which we thought, and still think, authorized the admission of evidence on which that conclusion was based, were as follows: "That the defendant John Henry Kirby * * * acting in pursuance of an unlawful agreement theretofore made between himself, said John Henry Kirby, and the said defendants S. W. Sibley and O. S. Carlton, unlawfully converted all of said corporate stock to his, the said John

Henry Kirby's own personal use and benefit. * * * This is a suit for conversion of the stock sued on, and for damages thereto, brought in the district court of Dallas County, Texas, where the wrongs complained of in plaintiff's petition (made a part of the controverting affidavit) and the torts therein alleged as committed by the defendants, and the trespass complained of, were committed in Dallas County, Texas."

The motion is overruled.