A. W. WRIGHT v. J. R. DAVIS ET AL.

Decided April 26, 1902.

**Landlord's Lien—Oral Lease—Agreement to Purchase—Waiver—Charge.**

A landlord, claiming a lien on the crop raised on his land, sued defendant, who had purchased the crop, for its conversion, alleging that he made an oral contract with one K., who raised the crop, leasing him the land for that year for an agreed rental, which agreement was afterwards reduced to writing,—and plaintiff testified to that effect. K. denied the execution of the written lease, and claimed to have made an oral contract over a year previous to purchase the land, under which he took possession. The court charged the jury, in effect, to find for defendants if they found there was such an oral contract of purchase, or that K. did not sign the alleged written lease contract. Held error, as the lease, if made, was a waiver for that year of a previous oral contract of purchase, and plaintiff's failure to prove a written lease did not deprive him of the right to recover if he proved an oral one.

Appeal from the County Court of Bosque. Tried below before Hon. B. J. Word.

*Geo. P. Robertson* and *Robertson & Robertson,* for appellant.

*Lockett & Cureton,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Appellant sued appellees for conversion of the crops raised during the year 1900 on 240 acres of land in Bosque County by J. A. Kilman and sold by him to appellees. His right to recover depended mainly upon the existence of the landlord's lien, which was thus alleged in his petition: "On or about the 9th day of November, 1899, the plaintiff herein acting by and through his agent, George P. Robertson, entered into a verbal contract and agreement with J. A. Kilman, by the terms of which the said plaintiff rented and farm let to said Kilman 240 acres of land situated near Willow Springs, in Bosque County, Texas, on the Juana Diaz survey, for the season of 1900, and by which the said Kilman agreed and bound himself to pay to plaintiff as rents therefor the sum of $300 on November 1, 1900, which said verbal agreement as aforesaid was afterwards, on or about the 10th day of March, 1900, reduced to writing and signed by the said plaintiff, acting by his aforesaid agent, and the said Kilman."

The evidence tended to sustain these allegations; but the execution of the written lease, which was an exhibit to the petition, was positively denied in the testimony of Kilman, who also claimed to have made an oral contract in October, November, or December, 1898, for the purchase of the land, but admitted the execution of a lease, dated December 31, 1898, for the year 1899, similar to the one in dispute.

The court charged the jury as follows: "The jury are further instructed that if they believe from the evidence that J. A. Kilman, on or about March 10, 1900, signed and delivered to the plaintiff the certain written instrument introduced in evidence by the plaintiff as the rental contract of himself and said Kilman for the 240 acres of land therein mentioned, for the year 1900, and upon the terms therein stated, they will find for the plaintiff against the defendants, J. R. Davis & Co., damages in the sum of $300, together with interest thereon from November 1, 1900, at the rate of 6 per cent per annum; unless they should further find from the evidence that at the time of the execution of said contract (if any) the said Kilman was the owner of said land under a verbal contract of purchase from plaintiff under which he had entered and partly performed by part payment to plaintiff on said land, in which case they will find for the said defendants. If the jury believe from the evidence that J. A. Kilman did not sign and deliver to the plaintiff the said alleged rental contract hereinbefore mentioned, they will find for the defendants."

In thus allowing appellees, purchasers of the crops raised on lands leased to Kilman, to dispute the landlord's title on the ground of a

previous oral and unexecuted sale of the leased premises to the tenant, and also in thus denying appellant the right to recover under the alleged oral lease if he failed to establish the further allegation that it was afterwards reduced to writing and signed by the parties, we think the court erred. Whatever equitable rights Kilman may have acquired under the alleged parol sale must be held to have been waived by him so far as the crops of 1900 were concerned when he executed the written lease for that year, and the appellees, who claimed under him, were equally bound by this waiver. That lease, if made, certainly established the relation of landlord and tenant between appellant and Kilman for that year, for it was the very contract under which the land was cultivated and itself determined the respective rights of the parties to the crops then and there grown. And the result would be the same if only an oral lease was made. True, appellant alleged that this oral lease was afterwards reduced to writing, but if this allegation was disproved by appellees, and there was yet sufficient proof of the oral lease, we see no reason why appellant's failure to prove all that was alleged should deprive him of the benefit of what was both alleged and proven.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*