FRED MERCER DRY GOODS CO. et al. v. FIKES. (No. 8080.)

(Court of Civil Appeals of Texas. Dallas. March 1, 1919. Rehearing Denied May 17, 1919.)

1. SEQUESTRATION ⬅⟶21—FALSE GROUNDS—ACTUAL DAMAGES.

If grounds upon which writ of sequestration was secured were false or untrue, defendant is entitled to recover his actual damages, regardless of whether plaintiffs sincerely believed in the truth thereof.

2. MALICIOUS PROSECUTION ⬅⟶68 — EXEMPLARY DAMAGES—MALICE—WANT OF PROBABLE CAUSE.

If plaintiffs, in securing writ of sequestration upon false grounds, acted maliciously and without probable cause for believing truth thereof, they are liable, in addition to actual damages, for vindictive or exemplary damages by way of punishment for their wrongful and oppressive use of court's process.

3. TRIAL ⬅⟶260(1) — REQUESTED INSTRUCTIONS.

Court did not err in refusing to give requested special charges, where charge given covered same subject-matter more favorably to party who had made request therefor.

4. MALICIOUS PROSECUTION ⬅⟶58(3)—WRONGFUL SEQUESTRATION—EVIDENCE—JUDGMENT IN ORIGINAL PROCEEDING.

In action for damages for wrongful sequestration, the pleadings and judgments rendered in original action are admissible in evidence; the result of such action being basis of action for damages, and proof of its outcome being necessary to proof of damages suffered thereby.

5. TRIAL ⬅⟶194(14)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In action for securing writ of sequestration without probable cause, requested instruction that original proceedings were not conclusive of issues on trial, but that jury should determine damages without regard to result of such proceedings, was properly refused, being on weight of evidence, and discrediting undisputed fact as to outcome of such proceedings as shown by pleadings and judgment.

6. MALICIOUS PROSECUTION ⬅⟶67 — WRONGFUL SEQUESTRATION—DAMAGES.

Where plaintiff secured issuance of writ of sequestration upon false grounds and without probable cause, defendant is entitled to recover as exemplary damages attorney's fees, expenses, and loss of time resulting from the original action.

7. JUDGES ⬅⟶45 — DISQUALIFICATION—RELATION TO "PARTY."

A surety on an appeal bond is a "party" to an action within Vernon's Sayles' Ann. Civ. St. 1914, art. 1736, disqualifying county judge from sitting in a proceeding where either party is related to him by consanguinity within third degree.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Party.]

8. APPEAL AND ERROR ⬅⟶497(1) — BILL OF EXCEPTIONS—DISQUALIFICATION OF JUDGE.

Bill of exceptions reciting that judgment is void because judge was a cousin of surety on appeal bond and was therefore disqualified, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1736, was insufficient to present matter, where it failed to show that relationship was within third degree of consanguinity.

9. JUDGMENT ⬅⟶9 — DISQUALIFICATION OF JUDGE—EFFECT.

In action for damages for wrongful sequestration, judgment in original proceeding will not be held void on ground of disqualification of

county judge because of relationship with surety on appeal bond.

**10. MALICIOUS PROSECUTION ⬅67—WRONGFUL SEQUESTRATION—CONVERSION—DAMAGES FOR DETENTION.**

Where plaintiff wrongfully sequesters property and converts it pending suit, defendant is entitled as damages not only to value of property but, where that is insufficient, to compensation for detention.

**11. MALICIOUS PROSECUTION ⬅42—WRONGFUL SEQUESTRATION—LIABILITY OF SURETY.**

Ordinarily surety on sequestration and replevin bonds are not liable in case of wrongful sequestration for exemplary damages, but, where the malicious acts are instigated by him or where he acts jointly in the conversion of the property, he is responsible for exemplary damages in same degree as plaintiff.

Appeal from District Court, Rockwall County; Joel R. Bond, Judge.

Suit by B. L. Fikes against the Fred Mercer Dry Goods Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

T. B. Ridgell, of Rockwall, for appellants. A. H. Mount, of Dallas, for appellee.

RASBURY, J. Appellee sued the Fred Mercer Dry Goods Company and Fred Mercer for actual and exemplary damages alleged to be the result of the wrongful and malicious issuance and levy, without probable cause, of a writ of sequestration upon certain personal property of the appellee exempt from forced sale and seizure, and for which he sought actual damages in the sum of $340 and exemplary damages in the sum of $1,000. Appellants, after exceptions and the general demurrer, pleaded that appellee had falsely alleged the amount of his damages for the purpose of fraudulently conferring jurisdiction upon the trial court, and that the matters charged in the petition were res judicata. There was trial to jury, which in special verdict awarded appellee as actual damages $150 for the mules, and $27 for their use from the date appellant replevied them until they were converted, or a period of 48 days, and $225 as exemplary damages. Judgment followed verdict.

The substance of the facts adduced at trial and necessary to be related are these: At the instigation of Fred Mercer the Fred Mercer Dry Goods Company, a private corporation, sued appellee in justice court for $70, alleged to be an unpaid balance on a note for $350, secured in payment by chattel mortgage on certain live stock, etc. In aid of the suit Fred Mercer made affidavit and procured the execution of bond by the Fred Mercer Dry Goods Company in sequestration, upon which the justice of the peace issued the writ, and which at the direction of Fred Mercer was by the constable levied upon two mules of appellee. The Fred Mercer Dry Goods Company, acting through Fred Mercer, replevied the mules. Upon trial in the justice court verdict was against appellent on its claim and for appellee for damages for $15 and the return of the mules replevied by appellants. Appellants appealed the case to the county court. Pending trial there Fred Mercer, without order or other authority from the county court, sold the mules and converted the proceeds. Before trial in the county court appellee amended his pleading and abandoned his plea in reconvention for damages. Upon trial in that court verdict was against appellant on its claim against appellee, followed by judgment discharging appellee from all liability thereon and awarding him costs. From such judgment appellant appealed to this court (191 S. W. 1178), which affirmed the judgment of the lower court. The mules taken under the writ were all the live stock of that character owned by appellee. Appellee did not owe any balance on the debt sued for; the note and mortgage having been given as security to appellant for making bond for appellee in a legal proceeding from which he had been discharged. Appellant had possession of the mules 48 days before they were sold and the proceeds converted. While conflicting, the testimony of appellee will sustain the finding of the jury as to the value of the mules, as well as their finding as to the value of the use of same while held by appellant before sale.

[1-3] Error is assigned upon the court's refusal to allow either of two special charges requested by appellant. The first of the requested charges instructed the jury that exemplary damages could only be recovered in case the writ of sequestration was maliciously sued out; that is, was prompted by "malice" as that term is generally accepted and understood, and without probable cause. The second requested charge instructed the jury that, before they could award appellee exemplary damages, they must find from a preponderance of the evidence that the writ was not only wrongfully sued out, but that it was sued out maliciously and without probable cause, both elements to exist, and appellant's good faith in that respect to be considered. The rules that control in such cases are too long and well settled to leave room for doubt or construction. If the grounds upon which the writ was secured were false or untrue, appellee was entitled to recover whatever actual damages he suffered without regard to the fact that appellants may have sincerely believed in the truth thereof. If, in addition to the untruthfulness of the grounds upon which the writ was issued, appellants acted maliciously and without probable cause for believing the

grounds alleged were true, they were liable, in addition to actual damages, for vindictive or exemplary damages by way of punishment for their wrongful and oppressive use of the court's process. Culbertson v. Cabeen, 29 Tex. 247. The case cited is a ruling one, and the language we have used is in substance that employed in that case by Judge Coke. In the present case the trial judge by appropriate issue asked the jury whether the writ of sequestration under which the mules were taken was "wrongfully and maliciously sued out." "Wrongfully" was defined to be an act committed with evil intent, with legal malice, without reasonable ground for believing the act to be lawful, and without legal justification, while "maliciously" was declared to mean the intentional doing of a wrongful act without legal justification or excuse. The court also charged the jury by addendum to a charge requested by appellee defining the elements of exemplary damages that, before such damages could be awarded, they must find and believe from a preponderance of the evidence that the writ "was not only wrongfully sued out, but that the same was sued out maliciously and without probable cause," and that all three elements must exist before exemplary damages could be awarded, and that appellant's good faith in that respect must be considered. A comparison of the charges refused and those given by the court discloses, in our opinion, that the court's charges contain, not only as much, but more, matter favorable to appellants than is contained in the appellants' requested charge. In any event as much is contained in the charges given as is contained in those refused. They contain every element that is required to exist before such damages may be awarded, together with full and favorable definitions of the legal terms employed. That being true appellants were not entitled to any further presentation of their defense, and as a consequence the court did not, in our opinion, err in refusing the charges.

Upon trial the court admitted in evidence the pleadings of the parties in the justice and county courts and the judgments of those courts in the proceeding instituted by appellants. In that connection the appellants requested the courts to charge the jury that the proceedings so introduced were not conclusive of the issues on trial, but that they must determine from the evidence introduced what, if any, actual or exemplary damages appellee suffered without regard to the result in the justice court. We conclude that the charge was properly refused. The pleadings in the justice and county courts disclosed no more than that appellee asserted and appellants denied that the writ was wrongfully procured, and the judgments that the jury in each trial determined that issue favorably to appellee.

[4, 5] The result of the original proceeding was the basis of the present controversy, and it was proper and necessary to prove its outcome in order to enable appellee to follow with proof of what, if any, damages he suffered thereby. The pleading disclosing the issues there litigated and the judgments thereon was the best evidence of that fact. The requested charge was not only upon the weight of the evidence, but would have discredited the undisputed fact which the pleadings and judgments established and tended to destroy appellants' right to recover any damages they were able to show resulted from the unauthorized act. The result of the original suit did not, of course, prove damages resulted from the wrongful issuance of the writ. Other evidence on that issue had to be and was adduced in support of such claim, and that issue precisely and particularly submitted to the jury. This issue was also raised by demurrer, and if it was proper to admit the testimony as we hold it was, the demurrer was properly overruled.

By exception and attack upon the court's charge the contention is made that appellee was not entitled to recover as exemplary damages attorney's fees, expenses, and loss of time resulting from the original suit. The court charged the jury, that, if they found appellee under the court's instructions was entitled to exemplary damages, they could consider "the time and expense reasonably incurred" by appellee in "defending the title and possession of the property seized" in the former suit. Appellee testified that he had expended in the former suits approximately $40, and was compelled to employ an attorney for all three trials, and one for the trial in the district court or the present suit.

"That in actions for malicious trespasses on personal property vindicatory or corrective damages may be awarded is a rule as old as it is firmly established. 'Compensation,' in the legal and technical signification of the term, is not deemed a sufficient recompense for injuries of this character." Cole v. Tucker, 6 Tex. 266.

[6] It was said, in effect, in the case of Wheat v. Ball, 68 S. W. 181 that exemplary damages are not awarded as compensation, but as punishment, and that proof of all expenses and other losses to which the plaintiff was put, including attorney's fees in the original proceeding, was admissible in order to enable the jury to act advisedly in inflicting appropriate punishment. The issue was so submitted to the jury in the present case. The case cited is supported by authority and reason, and, following it, we overrule appellants' contention.

[7, 8] It is contended that the court erred in admitting in evidence the judgment of the county court in the original proceeding for the reason that the judgment was void. A. A. Reese was one of the sureties on appellants' bond to the county court in the original proceeding. J. W. Reese, the county judge who tried the original proceeding, was a

cousin to A. A. Reese, and, it is claimed, disqualified under article 1736, Vernon's Sayles' Civil Stats., to preside, and as a consequence any judgment entered by him is void. The article, among other matters, declares that the county judge shall be disqualified to sit in a proceeding where either party is related to him by consanguinity within the third degree. It has been held that a surety upon a claimant's bond is within the statute a party to the suit. Hodde v. Susan, 58 Tex. 389. For the same reasons sureties on appeal bonds would, it occurs to us, be parties. The difficulty, however, in the present case lies in the fact that the bill of exceptions fails to show that A. A. Reese was a cousin within the third degree. It merely recites that he was cousin to the county judge. As a consequence the bill fails to show, and we are unable to say, that the degree of relationship between the parties was that contemplated by the disqualifying statute.

[9] Further, we are of opinion that the contention should be overruled on authority of City of Austin v. Nalle, 85 Tex. 520, 22 S. W. 668, 960. In that case the Supreme Court refused to consider affidavits tending to show that the district judge was disqualified to try the case under the statute. The court said that it did not have the right to try "questions which were put in issue or which could have been put in issue in the trial court, since to do so would be to hear evidence dehors the record of the court a quo." If appellate courts may not try issues which were or could have been put in issue in the trial court, it occurs to us that it can be said with equal force that a trial court is in like manner denied the right to review another trial court on such matters.

[10] The contention is made that appellee's measure of damages for the conversion of his mules is their reasonable market value, plus interest, and that the court erred in submitting any other item of actual damages. The jury found in answer to appropriate inquiry that the use and hire of appellee's mules between November 13, 1914, and January 1, 1915, was $27. The period specified covers the time between the date appellant replevied the mules and the date they were converted. We understand the rule to be that in suits of the present character compensation is the thing sought, and that the jury may not only award damages for the value of the property, but may, when that is insufficient, compensate the complaining party for detention of the property. Craddock v. Goodwin, 54 Tex. 578; Moore v. King, 4 Tex. Civ. App. 397, 23 S. W. 484. In the instant case, before appellants converted appellee's mules, and hence before any cause of action accrued, they were by replevin detained for a period of 48 days, for which the value of the animals would in no sense compensate him, and as a consequence

he was, in our opinion, entitled to recover the item complained of.

[11] Complaint is made of the verdict and judgment awarding exemplary damages against Fred Mercer personally, who was one of the sureties on the sequestration replevin, and appeal bonds to the county court in the original proceeding. Ordinarily the surety is not liable for exemplary damages in such cases for reasons too often stated for us to review, but in cases where the malicious acts are instigated by him or where he acts jointly in the conversion of the property, he is responsible for exemplary damages in the same degree that the plaintiff is. Ward v. Odem, 153 S. W. 634. The evidence was sufficient, in our opinion, to take that issue to the jury. The contention therefore is overruled.

There are several assignments of error which we have not discussed for the reason that they involve questions already disposed of or are, in our opinion, without merit, including the plea to the jurisdiction and the claim that the verdict of the jury is without support in the evidence.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.