### EVANS v. CALDWELL et al. (No. 8286.)

(Court of Civil Appeals of Texas. Dallas. Feb. 21, 1920. Rehearing Denied March 20, 1920.)

1. LANDLORD AND TENANT ⬤⟿180(3)—IN ACTION FOR FORCIBLE EVICTION PLEADING OF ASSAULT BY DEFENDANT WAS PROPER.

In suit for damages from an unlawful and forcible eviction of plaintiff tenants from defendant lessor's land, and the malicious withholding of farm products, household goods, kitchen furniture, etc., proof that defendant, while armed with a shotgun, assaulted plaintiffs and threatened to kill them, was admissible on the issue of malice, so that allegation of the fact in the pleadings was proper to that extent.

2. LANDLORD AND TENANT ⬤⟿180(3) — EXPENSE TO TENANTS EJECTED ADMISSIBLE ON ISSUE OF MALICE.

In suit for damages from an unlawful and forcible eviction of plaintiff tenants from defendant lessor's land, proof of the expense incurred by plaintiffs was admissible on the issue of malice and consequent exemplary damages; proof of expense always being admitted on such grounds.

3. LANDLORD AND TENANT ⬤⟿180(6)—CONSIDERATION OF EXPENSES NOT ALLOWED AS ACTUAL DAMAGES ON ISSUE OF MALICE IN EVICTION NOT PREJUDICIAL.

In action for unlawful and forcible eviction, where tenant alleged and proved items of expense incidentally caused by landlord's wrongful conduct, but the court, in submitting all issues of fact for special verdict on interrogatories, refused to submit such items as recoverable actual damages, and submitted only the value of tenant's property detained by landlord and the amount of exemplary damages if malice were found, the landlord's rights were not prejudiced.

4. LANDLORD AND TENANT ⬤⟿180(3)—ALLEGATION OF JOINT OWNERSHIP BY TENANTS OF PROPERTY DETAINED BY LANDLORD SUFFICIENT TO WARRANT PROOF.

In an action by tenants for forcible and wrongful eviction by their landlord, the allegation by plaintiff tenants in their supplemental petition that the property detained by defendant landlord was purchased jointly and jointly owned by them was sufficient to warrant proof of the fact.

5. APPEAL AND ERROR ⬤⟿544(1)—EXCEPTIONS NECESSARY TO REVIEW DENIAL OF MOTION TO CONSTRUE LEASE CONTRACT.

To review the trial court's action in refusing defendant landlord's motion requesting the court to construe the lease contract under which plaintiff tenants claimed the lands from which they had been evicted, it was necessary to reserve the usual bill of exceptions.

6. APPEAL AND ERROR ⬤⟿544(1)—WAIVER OF OBJECTION TO TESTIMONY BY FAILURE TO RESERVE EXCEPTIONS.

Even if an objection was made to testimony when offered, it was waived by failure to reserve bill of exceptions.

7. APPEAL AND ERROR ⬤⟿757(3)—COURT NOT REQUIRED TO COMPARE PROPERTY SEQUESTERED WITH THAT ENUMERATED IN JUDGMENT WHERE BRIEF CONTAINS NO FACTS.

Though the contention is made that the judgment improperly awards plaintiffs judgment against defendant for property which the record shows was sequestered by plaintiffs and was in possession of the sheriff by virtue of the writ, neither party having replevied, the Court of Civil Appeals is not required to make even a cursory comparison of the property sequestered with that enumerated in the judgment, where the brief contains no facts established at the trial.

Error from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by Obie Caldwell and others against T. E. Evans. To review judgment for plaintiffs, defendant brings error. Affirmed.

Huffmaster & Huffmaster, of Kaufman, for plaintiff in error.

Wynne & Wynne, of Kaufman, for defendants in error.

RASBURY, J. Defendants in error sued the plaintiff in error for various and sundry items of damage, claimed to have resulted from the unlawful and forcible eviction of defendants in error from lands of the plaintiff in error, of which defendants in error were in possession under lease, and the malicious withholding of certain farm products, household and kitchen furniture, live stock, supplies, etc.; both actual and exemplary damages being sought. Upon trial verdict and judgment was for defendants in error for $1,542.50, from which this appeal is perfected. Such statement of the pleading or recital of the facts proven as may be necessary will be made in discussing the issues immediately to be considered.

[1, 2] Defendants in error, among other matters, alleged in substance that while they were at the premises with 13 wagons for the

---

purpose of removing their household furniture, live stock, and other property plaintiff in error, armed with a shotgun, assaulted them, and under threat of killing them drove them from the premises and refused to permit them to remove their property, notwithstanding which they were compelled to pay for the men and wagons so employed, recovery for which items was sought. Plaintiff in error excepted to such allegations substantially on the ground that such items were not a proper element of damages because "vague, indefinite, and too remote." Proof that plaintiff in error while armed with a shotgun assaulted defendants in error and threatened to kill them would be admissible on the issue of malice, and the pleading to that extent was proper. Whether the expense incurred as alleged would be recoverable items we need not consider or decide. Proof thereof on the issue of malice and consequent exemplary damages was clearly admissible in order to enable the jury to act advisedly on the issue of exemplary damages. Proof of whatever expense, loss, etc., to which one is subjected is always admitted on such grounds. Mercer Dry Goods Co. v. Fikes, 211 S. W. 830.

[3] Further, all issues of fact were referred to the jury for special verdict in form of the usual interrogatories. The only items so referred was the value of the farm products and household and kitchen furniture alleged to be unlawfully detained, and the amount of exemplary damages to be awarded in case the jury found that plaintiff in error acted with malice. The refusal of the court to submit the items as recoverable actual damages was all that plaintiff in error could demand in view of the claim of malice and consequent exemplary damages.

What we have just said applies to the action of the court in overruling plaintiff in error's exception to allegations of the petition seeking to recover the value of certain feed for the stock which defendant in error was compelled to purchase as a result of the detention of his farm products by plaintiff in error. Such damages were not submitted to the jury as an element of recoverable actual damages.

[4] It is also urged that the court erred in overruling exception of plaintiff in error challenging the sufficiency of the petition for its failure to allege that the property detained was jointly owned by all the defendants in error. Defendants in error alleged in their supplemental petition that the property so detained was purchased jointly and jointly owned by them. Such allegation was obviously sufficient to warrant proof of the fact.

[5] The plaintiff in error presented to the court a motion requesting the court to construe the lease contract under which defendants in error claimed the lands. The record shows that the court indorsed "refused" on the motion. While we are inclined to the opinion that it was necessary to reserve the usual bill of exceptions in order to review the court's action in the respect stated, yet, if we should be mistaken in that respect, a "construction" of the lease would mean only that it was the duty of the court in the usual way to present the law of the case arising thereon to the jury. The court did perform that duty, and no claim is made that it was not correctly done.

[6] The claim is made that the court erred in permitting B. D. Caldwell and W. F. Caldwell to testify concerning what Judge Morrow (who owned and leased the land to defendants in error and pending which lease plaintiff in error acquired the land with notice of the lease) said concerning the ownership and disposition of the oat straw on the premises on the ground that the testimony was hearsay. The record does not contain a bill of exceptions showing objection to the testimony when offered. All the record contains is an assignment in the motion for new trial that the court erred in admitting the testimony. As a consequence, even if the objection was made, it was waived by failure to reserve the bill.

[7] The contention is made that the judgment improperly awards defendants in error judgment against plaintiff in error for certain property which the record shows was sequestered by the defendants in error and was in possession of the sheriff by virtue of the writ; neither party having replevied. To sustain the contention no facts established at trial are assembled by counsel in the brief. We have, however, made a cursory comparison of the property sequestrated with that enumerated in the judgment, which, under the rules, we are not required to do, and find that the articles, in every comparison we have made, are dissimilar.

Finding no reversible error in the record, the judgment is affirmed.