## SECURITY STATE BANK et al. v. SPINNLER.
### No. 3905.

Court of Civil Appeals of Texas. Amarillo. Nov. 16, 1932.

Rehearing Denied Dec. 14, 1932.

Lockhart & Brown, of Lubbock, for appellants.

Alfred M. Scott, of Lubbock, for appellee.

### JACKSON, J.

The plaintiff, G. E. Spinnler, instituted this suit in the district court of Lynn county, Tex., against the Security State Bank of Tahoka, W. O. Henderson, A. J. Edwards, W. C. Wells, and G. E. Lockhart, together with several other defendants.

Plaintiff alleges that in January, 1932, the bank, acting through its authorized agents, converted and applied to its own use and benefit twenty-four bales of cotton of the value of $619.47 owned by the plaintiff, or in any event on which he had a valid and subsisting landlord's lien to secure the payment of rents and advances due him by his tenants who had cultivated his farms in Lynn county, Tex., for the year 1931, and that W. O. Henderson aided and abetted the bank in the conversion of said cotton.

He also pleaded that G. E. Lockhart and A. J. Edwards as individuals unlawfully converted said cotton to their use and benefit.

In addition to the actual damages for the value of the cotton, he also sought to recover $1,000 as exemplary damages against the bank in its corporate capacity and against G. E. Lockhart and W. C. Wells in their individual

9

capacities, and alleged that the conversion of the cotton was willful and malicious, and for the purpose of harassing and injuring him.

He pleads that, in determining the punitive damages, the court and jury are entitled to consider the probable advance in the market price of the cotton converted, the expenses and attorneys' fees incurred by him in prosecuting the suit, that it was made difficult by defendants' conduct for him to pay his taxes, and that his tenants, who were very desirable as such, were caused by the depression and the malicious action of the defendants to abandon his farms, and he would in all probability lose the amount due him by his tenants for advances made to them to enable them to cultivate their crops in 1930.

The Security State Bank, W. O. Henderson, W. C. Wells, A. J. Edwards, and G. E. Lockhart answered by general demurrer, numerous special exceptions, general denial, and pleaded that said tenants were indebted to the bank and that the plaintiff waived his rights and landlord's liens to the crops for 1931 in consideration of the bank making certain additional advances to said tenants; that the bank thereupon accepted from each of said tenants a valid chattel mortgage on the crops grown by each of them on their respective premises rented from plaintiff for the year 1931 and advanced to each of them money; that said tenants defaulted and the defendants in good faith acquired the cotton by virtue of the mortgages.

On the answer of the jury to special issues submitted by the court, judgment was rendered against the bank, G. E. Lockhart, W. C. Wells, W. O. Henderson, and A. J. Edwards, jointly and severally, for the sum of $183.95, with interest as actual damages, and against the bank for the sum of $250, with interest as exemplary damages, from which judgment this appeal is prosecuted.

The appellants assign as error the action of the trial court in overruling their exceptions to the allegations in plaintiff's petition asserting that the court and jury should take into consideration, in determining his punitive damages, the probable advance in the price of the cotton, his probable loss by his tenants abandoning his farms, and the effect on his ability to pay his taxes, and his attorneys' fees and expenses.

They also challenge as error the action of the court in admitting the testimony tending to establish such allegations.

If the cotton advanced in price, this would be an item of actual damages, but the expenses incurred in the lawsuit, including attorneys' fees, are not actual damages. Neither can the amount of the expenses incurred or the attorneys' fees paid be recovered as exemplary damages, but the law appears to be that, if properly alleged and proved, they may be considered by the jury in determining

the amount of punitive damages to be awarded.

"When a party is entitled to vindictive damages, the jury in making up their verdict, may, no doubt, if they are so disposed, consider the plaintiff's expenses in prosecuting the suit." Landa v. Obert, 45 Tex. 539.

In Wheat v. Ball et al. (Tex. Civ. App.) 68 S. W. 181, 182, speaking of the pleadings of plaintiff, the court says: "He alleged a long list of consequences to himself as the result of the sequestration, such as that he had been injured thereby in his good name; that one of the animals was his only cow, and, not having means of purchasing another, his family was obliged to do without milk and butter; that he was a farmer, and the seizure of his mare and mules (the only work animals he had) injured his means of making a living, and he has since been dependent on his friends and neighbors for a horse to ride, or a team to work; that he had been compelled to pay attorney's fees in the original suit, etc. Such matters would not be elements to be considered of actual damages (Kaufman v. Armstrong, 74 Tex. 65, 11 S. W. 1048; Mayer v. Duke, 72 Tex. 445, 10 S. W. 565; Neese v. Radford, 83 Tex. 585, 19 S. W. 141; Lackey v. Campbell [Tex. Civ. App.] 54 S. W. 46), and they are evidently not alleged here as such, but as matters concerning the claim for exemplary damages; and in that connection the jury could properly consider them."

To the same effect are the holdings in Fred Mercer Dry Goods Co. et al. v. Fikes (Tex. Civ. App.) 211 S. W. 830; Daughtry v. Blanket State Bank (Tex. Civ. App.) 41 S.W.(2d) 527.

For the jury to consider the expenses and attorneys' fees in determining the amount of exemplary damages, it is necessary to show that such items were necessary and reasonable. This appellee failed to do. The exceptions relative to the conduct of appellants rendering it difficult for appellee to pay his taxes and the abandonment of his farms by his tenants should have been sustained, and no evidence pertaining thereto should have been admitted.

The appellants present as error the action of the trial court in rendering judgment against them because not sustained by the findings of the jury, which are, in effect, that the plaintiff in the fall of 1930 promised the bank, acting through W. C. Wells, that, if it would carry the indebtedness of the tenants until the fall of 1931 and make additional loans to them, he would waive his landlord's lien on the crops to be raised during that year by the tenants in favor of the bank, and that mortgages taken by it would constitute a first lien against the crops; that such waiver or agreement affected only the undivided three-fourths interest of the tenants in the

130

crop; that the state bank acted willfully and maliciously and without probable cause in taking possession of the cotton in controversy, but that W. C. Wells and G. E. Lockart did not act willfully and maliciously and without probable cause; that plaintiff was entitled to recover $250 exemplary damages.

Whether the pleadings were sufficient to authorize the court to submit that the waiver of plaintiff released only the three-fourths of the tenants' interest in the cotton involved, it is unnecessary to determine, as this can, if error, be remedied by an amendment at another trial.

Appellants' contention that the findings of the jury are, in effect, that G. E. Lockhart and W. C. Wells did not act willfully and maliciously and without probable cause, must be sustained. The record discloses that Mr. Lockhart is president and Mr. Wells is vice president of the bank and took possession of the cotton involved in this controversy for the bank as such officials, under the authority. given in the mortgages.

"The entity of a corporation is a mere concept resting solely in legal fiction. A corporation is an artificial being, without mind, soul, heart, or life; it may not conceive a purpose, form, or execute a plan, or do an act except through the agency of men or women. Whatever those men and women, acting singly or in confederation, may do in its name or behalf, at least within the general scope of employment, represents it in action in the achievement of the charter purpose." Chronister Lumber Co. v. Williams (Tex. Com. App.) 288 S. W. 402,-403.

The corporation, independent of its officers, the president and vice president in this case, could entertain no malice or perform any willful act, and, as the jury found that such officers did not act willfully, maliciously, and without probable cause, this assignment is sustained.

 The appellants present as error the action of the court in refusing to submit, at their request, whether or not the officers of the bank, G. E. Lockhart and W. C. Wells, in taking possession of and disposing of the cotton, acted in good faith and with the honest belief that such acts were lawful and proper.

The court evidently considered the charge submitted sufficient to cover the issues requested, but the submission of these issues would have eliminated all controversy as to the scope of the findings on the issue of malice, probable cause, and good faith, and under this record should have been submitted. 13 Tex. Jur. 243, § 134.

Appellants' contention that they were entitled to a peremptory instruction is not tenable.

The appellee presents numerous counter propositions presenting as error the action of the trial court in sustaining certain special exceptions urged by appellants to his petition.

The record discloses that appellee pleaded the insolvency of the bank; that it had closed its doors and was liquidating its assets; that he would not be able to secure a trial on the merits of the case before the fall of the year 1932; that the assets of the bank would probably be dissipated, and he would be unable to collect any judgment obtained by him against the bank, sought a writ enjoining further distribution of the assets of the bank and the appointment of a receiver to take charge of its properties and assets for the protection of himself and other creditors.

The appellants filed exceptions to the sufficiency of the allegations to warrant the issuance of a writ of injunction or the appointment of a receiver, which the court sustained, holding that at the time the court had no jurisdiction to grant such relief upon the conditions alleged to exist. The appellee excepted to this action, but dismissed as to all the defendants except those mentioned above, and voluntarily proceeded to trial on the remaining allegations against appellants.

He did not allege the insolvency of the individual defendants retained in the proceeding, and any judgment against such individual defendants for actual or punitive damages, so far as this record revealed, could be enforced. The other defendants were dismissed without prejudice to appellee's rights, and the action of the court in so doing does not, as presented, disclose error.

The judgment is reversed, and the cause remanded.