Bill A. FARLEY, Appellant,

v.

Barbara A. FARLEY, Appellee.

No. 4661.

Court of Civil Appeals of Texas, Eastland.

Nov. 30, 1973.

Rehearing Denied Jan. 11, 1974.

James F. Bowen, Brown, Brown & Bowen, Garland, for appellant.

Michael L. O'Neal, Rosenfield, Mittenthal & O'Neal, Dallas, for appellee.

WALTER, Justice.

Barbara Farley recovered a judgment against Bill Farley, her former husband, for conversion of her household goods. She recovered $1,000 actual and $3,500 exemplary damages. Bill E. Farley has appealed.

The appellee has not filed a brief. She has filed an instrument designated as "Suggestion of Lack of Basis for Appellate Review". The appellee contends that the objections to the court's charge made by appellant should not be considered because they were not reduced to writing and filed until after his motion for a new trial was overruled. She cites no cases but says that this procedure is contrary to Rule 272, Texas Rules of Civil Procedure.

In his order to the clerk directing her to prepare a supplemental transcript the court says:

" . . . and it appearing to the Court that said objections were dictated to the reporter and considered by the Court and overruled by the Court prior to said Charge being read to the jury and with the further agreement that the same could be reduced to writing and subsequently approved by the Court and filed with the Transcript in this cause."

From the court's order, it appears that appellee agreed to this procedure. In Sunset Motor Lines v. Blasingame, 245 S.W.2d 288 (Tex.Civ.App. Dallas 1951, error dismissed) the court says:

"It is true that under Rule 272 as amended the objections to the charge may be dictated and written up later."

In State v. Davis, 228 S.W.2d 359 (Tex. Civ.App. Beaumont 1950, no writ. hist.) the court announced to the parties that he had prepared a proper charge and because of the time involved, he would not permit objections or exceptions to the charge, neither would he permit the submission of requested special issues and then said:

". . . but that counsel for each of the parties could at any time thereafter reduce to writing any and all exceptions and objections to the charge and requested special issues which either or both of the parties desired to make and be submitted and that *all* same would be filed and considered filed prior to the reading of such charge to the jury, all of which was agreed to by counsel for each and all parties:"

The court held this to be in violation of Rule 272, Texas Rules of Civil Procedure, however, in the case at bar the record shows that the objections to the charge were made, considered, and overruled by the court before the charge was read to the jury. We will consider appellant's objection to the court's charge.

The court's definition of exemplary damages is as follows:

" 'Exemplary damages,' means compensation or damages which the jury in its discretion may allow in addition to actual damages by way of punishment and as an example for the good of the public and may also include compensation for inconvenience, reasonable attorneys fees and other losses too remote to be considered under actual damages."

The appellant objected to this definition of exemplary damages because there was no evidence as to what would be reasonable attorneys fees.

■ The appellant makes the following statement in his brief:

". . . Throughout the Statement of Facts presented in this case, there is no offer of proof by the plaintiff as to the amount of attorney's fees involved in this case, the reasonableness thereof, or any other expenses actually incurred by the plaintiff in prosecuting this action."

This statement is considered by the court to be a correct statement of the facts as it has not been challenged by the appellee. Rule 419, Texas Rules of Civil Procedure. In Security State Bank v. Spinnler, 55 S. W.2d 128 at page 129 (Tex.Civ.App. Amarillo 1932, dismissed), the court said:

"For the jury to consider the expenses and attorneys' fees in determining the amount of exemplary damages, it is necessary to show that such items were necessary and reasonable. This appellee failed to do."

■ The jury was permitted to consider items of damages relating to attorney's fees and the record is devoid of evidence as to the necessity and reasonableness of these fees. We are therefore compelled to sustain appellant's point that there is no evidence to support the jury's finding of exemplary damages.

The judgment is reformed by deleting the recovery of exemplary damages and as reformed is affirmed.