**HILL PRODUCTION COMPANY,**
**Appellant,**

v.

**James SHERRILL, Appellee.**

**No. 5564.**

Court of Civil Appeals of Texas,
Eastland.

Jan. 29, 1981.

Don M. Connally, Rutledge, Rutledge & Connally, Abilene, Aalon W. Ferguson, Dallas, John Weeks, Robinson, Hanna, Moore & Holloway, Inc., Abilene, for appellant.

Aubrey L. Roberts, Jr., Moore, Dickson, Roberts & Hall, Inc., Sweetwater, for appellee.

DICKENSON, Justice.

The principal issue is whether the trial court erred by instructing the jury that the verdict "may include compensation for inconvenience and reasonable attorney's fees" in the sums awarded as exemplary damages. Since there was no evidence as to reasonable attorney's fees, we hold that the

instruction erroneously permitted the jury to speculate or guess as to reasonable attorney's fees.

James Sherrill sued Hill Production Company, Hack Drilling Company and Energy Investments, Inc. for trespass upon his 428.4 acre tract of land. Sherrill alleged actual damages to his land of $158,000 and he sought exemplary damages of $100,000. By trial amendment he contended that the reasonable cost of restoring his property to its condition prior to the trespasses is $25,000 and that his loss of use of the property for raising cattle was $50,000. Following a trial by jury, judgment was rendered on the verdict for Sherrill in the sum of $10,050 actual damages against all three defendants, jointly and severally, and for exemplary damages against Hill: $3,750; Hack: $3,750; and Energy: $7,500. All defendants appeal. We reverse and remand.

The defendants have briefed "no evidence" points of error which would, if sustained, justify the rendition of judgment in their favor. These points have been considered under the test stated in *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974). Reviewing the evidence in its most favorable light, considering only the evidence and inferences which support the jury's findings, we hold that there is evidence to support the jury's findings that: (1) at some time between January 1, 1978, and the time of trial (March 24, 1980) each of the three defendants, their agents, servants, employees, or other persons acting on their behalf committed a trespass on Sherrill's property; (2) such trespass was a proximate cause of damage to Sherrill's property; (3) the reasonable cost of restoring Sherrill's property to its original condition was $4,000, and the loss of use of the property in a cow and calf operation was $6,050; and (4) exemplary damages should be awarded against each defendant.

Testimony by Sherrill and his neighbor supports his position that no permission was given to defendants to cross his property. Hill Production was the first operator of an oil well which was drilled on property which adjoined Sherrill's land. Hill hired Hack to actually drill the well, and Hack hired the bulldozer. A road was built across Sherrill's property without his consent. The road began at the northeast corner of Sherrill's property and went for more than a mile before it crossed Sherrill's south boundary and entered the land upon which the oil well was drilled. The road was as much as 60 feet in width, although it was not generally that wide. Top soil was "borrowed" to build the road. The natural drainage of the land was altered. The cattle guard was damaged. Chains were cut, allowing oil field trucks to cross the cattle guard. The unauthorized use of Sherrill's land continued even after he discovered the road which had been built without his permission or consent. Energy ignored Sherrill's objection to the trespassing, and the record shows that its oil was being trucked across Sherrill's land. There was another road to the well which was also used, but the road across Sherrill's property was a shorter route to the county road which gave access to the oil well.

We need not consider the objections to the form of submission of issues 2 and 3 or the factual insufficiency points under *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), in view of our ruling on the points of error which challenge the exemplary damage instruction. Tex.R.Civ.P. 434 provides in part that "a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested."

That portion of the charge relating to exemplary damages reads as follows:

### SPECIAL ISSUE NO. 6

What sum of money, if any, do you find that JAMES SHERRILL should be awarded against HILL PRODUCTION COMPANY, HACK DRILLING COMPANY and ENERGY INVESTMENTS, INC. as exemplary damages?

"Exemplary damages" means an amount which you may in your discretion award as an example to others and as a penalty or by way of punishment, in addition to any amount which may have been found by you as actual damages, and *may include compensation for*

*inconvenience and reasonable attorney's fees.* (emphasis added)

Answer in dollars and cents.

| | |
|---|---|
| HILL PRODUCTION COMPANY | We do |
| HACK DRILLING COMPANY | We do |
| ENERGY INVESTMENTS, INC. | We do |

### SPECIAL ISSUE NO. 7

Do you find that the defendants, HILL PRODUCTION COMPANY, HACK DRILLING COMPANY and/or ENERGY INVESTMENTS, INC., acted willfully and maliciously in using JAMES SHERRILL'S property, without his permission and consent?

By the term "willfully and maliciously" is meant the intentional doing of a wrongful act without just cause or excuse; that is, if a wrongful act is intentionally done without just cause or excuse for believing it to be right or legal, or done with conscious disregard to the rights of others, then such act is willfully or maliciously done. Willfulness and intent may be inferred by the actions and conduct of the wrongdoer.

ANSWER "We do" or "We do not."

| | |
|---|---|
| HILL PRODUCTION COMPANY | $3,750 |
| HACK DRILLING COMPANY | $3,750 |
| ENERGY INVESTMENTS, INC. | $7,500 |

We note that the answers to these issues appear to have been reversed. The answers to issue 6 appear to have been meant for issue 7, and the answers to issue 7 appear to have been meant for issue 6. No one complains of this irregularity.

■ Each defendant objected to the instruction following issue 6, which authorized the jury to include "reasonable attorney's fees" in its award of exemplary damages. There was evidence of inconvenience, but there was no proof of attorney's fees or what would be reasonable attorney's fees. The points of error complaining of the submission of issue 6 are sustained.

*Security State Bank v. Spinnler,* 55 S.W.2d 128, at 129 (Tex.Civ.App.-Amarillo 1932, writ dism'd), states the rule:

For the jury to consider the expenses and attorneys' fees in determining the amount of exemplary damages, it is necessary to show that such items were necessary and reasonable.

*Farley v. Farley,* 503 S.W.2d 679 (Tex. Civ.App.-Eastland 1973, writ ref'd n. r. e.), followed *Spinnler.* We adhere to the holdings of *Farley* and *Spinnler* that it is error for the jury to consider attorney's fees in determining the amount of exemplary damages in the absence of pleadings and proof of reasonable attorney's fees. See also Annotation, "Attorneys' Fees or Other Expenses of Litigation as Element in Measuring Exemplary or Punitive Damages," 30 A.L.R.3d 1443 (1970). We remand the cause for trial because there is evidence of one, but not both, of the elements which the trial court authorized the jury to consider in awarding exemplary damages.

Plaintiff seeks to sustain the instruction as to attorney's fees by the opinion in *Steakley Brothers Chevrolet, Inc. v. Westbrook,* 558 S.W.2d 544 (Tex.Civ.App.-Waco 1977, writ ref'd n. r. e.). While it is true that the Waco Court approved an identical instruction authorizing the jury to "include compensation for inconvenience and reasonable attorney's fees" in the award for exemplary damages, there is no holding that such items could be considered without pleading and proof. Our reading of *Steakley Brothers* does not support plaintiff's position under the record before us. If there is proof of inconvenience and of reasonable attorney's fees upon the next trial of this case, the instruction will be proper.

The judgment of the trial court is reversed, and the cause is remanded.